## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DAVID SCOTT,**
**Claimant Below, Petitioner**

**vs.)**   **No. 19-1164** (BOR Appeal No. 2054297)
                        (Claim No. 2018005777)

**WELDED CONSTRUCTION, LP,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner David Scott, by Counsel E. William Harvit, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Welded Construction, LP, by Counsel Jeffrey B. Brannon, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 10% permanent partial disability award on February 27, 2018. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its May 8, 2019, Order and granted a 20% award. The Order was reversed by the Board of Review on November 21, 2019, and the claims administrator's grant of a 10% award was reinstated.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Scott, a truck driver/teamster, has a long history of lumbar spine injuries. He first injured his lumbar spine in 1997 while at work. On October 30, 1998, J.P. Griffith, M.D, found in an independent medical evaluation that Mr. Scott had 10% left spine impairment for the 1997 injury. The claims administrator granted a 10% permanent partial disability award for the lumbar spine on December 4, 1998.

Mr. Scott underwent a lumbar MRI on October 29, 2006, that showed a moderate to large disc herniation at L4-5, disc material mass effect on the L5 nerve root, and degenerative disc

disease with mild bulges and spondylosis at L2-3 and L3-4 without herniations or stenosis. Mr. Scott saw Ronald Hargraves, M.D., on December 10, 2006, and it was noted that he had an L4-5 disc herniation and recommended a CT scan.

Mr. Scott sustained a second work-related lumbar spine injury on April 9, 2009. An April 12, 2009, lumbar x-ray showed lumbarization of S1, slight dextroscoliosis at L4, straightening of the normal lordotic curve, moderate disc space narrowing at L5-S1, and small osteophytes from L3 to S1. A lumbar MRI was performed on May 1, 2009, and revealed a herniated L4-5 disc. A June 4, 2009, lumbar CT scan showed an L4-5 disc extrusion causing severe central canal stenosis effacing the left subarticular recess and deflecting the traversing left L5 nerve root. Mr. Scott underwent a redo left L4-5 microdiscectomy on August 12, 2009.

In a January 4, 2010, independent medical evaluation, J. Paul Kern, M.D., assessed 5% lumbar permanent partial disability for an April 9, 2009, work injury. In a January 12, 2010, Agreement to Compensation of Employee and Employer form, Mr. Scott agreed to a lump sum payment for his 5% permanent partial disability award.[1]

Mr. Scott sustained the lumbar spine injury at issue on August 29, 2017, when he stepped down from a truck and felt pain in his lower back. The incident resulted in a compensable L1-2 disc herniation for which he underwent surgery on September 2, 2017. Joseph Grady, M.D., performed an independent medical evaluation on February 8, 2018, in which he diagnosed L1-2 discectomy and arthrodesis due to the August 29, 2017, injury. It was noted that Mr. Scott had a prior low back surgery that was unrelated to the August 29, 2017, injury. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Grady placed Mr. Scott in Lumbar Category IV-D of Table 75, which provides 12% impairment for the prior lumbar fusion. Lumbar flexion and extension were invalid but right and left lateral flexion was valid and showed 1% impairment for each. Dr. Grady's total impairment finding was 14%. Dr. Grady then placed Mr. Scott in Lumbar Category IV from West Virginia Code of State Rules § 85-20-C due to the lumbar fusion. Lumbar Category IV provides for 20% impairment, so Dr. Grady adjusted his rating accordingly. The claims administrator granted a 10% permanent partial disability award based on Dr. Grady's evaluation. It apportioned 10% for the previously granted 10% award.

Dr. Grady testified in an August 3, 2018, deposition that he performed an evaluation of Mr. Scott for the injury at issue. On cross-examination, Dr. Grady admitted that he did not review records for 1997 back injury. Dr. Grady stated that he placed Mr. Scott in Table 75 of the AMA *Guides* due to his lumbar spine surgery. He testified that the August 29, 2017, injury resulted in a new injury of the lumbar spine at a different level than the prior lumbar injuries. Dr. Grady asserted that the entirety of his finding of 20% impairment was due to the August 29, 2017, injury.

In an August 28, 2018, Medical Narrative Report, Joon Lee, M.D., noted that Mr. Scott was initially treated in the emergency room for saddle anesthesia and paresthesia. An MRI was

---

[1]The record indicates Mr. Scott was granted a 5% permanent partial disability award in the state of Indiana for a lumbar spine injury.

performed on September 2, 2017, showed a large L1-2 disc herniation and a facet cyst on the right L1-2 joint. Mr. Scott's symptoms were indicative of cauda equina syndrome, so surgery was performed that day. It was noted that Mr. Scott had previously undergone surgery at L4-5. Dr. Lee opined that the L1-2 disc herniation represented a distinct new injury separate from the L4-5 disc injury. He further stated that the L1-2 disc herniation was not an exacerbation of Mr. Scott's April of 2009 injury, which required L4-5 surgery.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on February 11, 2019, in which he reviewed the reports of record, specifically that of Dr. Grady. Dr. Mukkamala opined that Dr. Grady's evaluation was in accordance with the AMA *Guides* and Rule 20; however, 15% should be subtracted from Dr. Grady's assessment. Mr. Scott was previously awarded 10% lumbar impairment for a 1997 injury and 5% lumbar impairment from the state of Indiana. Therefore, Dr. Mukkamala opined that Mr. Scott should only be granted an additional 5% impairment.

The Office of Judges reversed the claims administrator's grant of a 10% permanent partial disability award and instead granted a 20% award on May 8, 2019. The Office of Judges found that Mr. Scott sustained an L1-2 herniated disc as a result of his August 29, 2017, injury, and underwent surgery to treat the injury. After reaching maximum medical improvement, Mr. Scott was evaluated by Dr. Grady, who assessed 20% impairment for the compensable injury. The claims administrator granted a 10% award based on apportionment for a prior 10% lumbar spine award granted for the L4-5 disc injury. The Office of Judges found that the injury at issue resulted in an L1-2 disc herniation and is therefore a separate and distinct lumbar spine injury requiring its own rating. Dr. Grady performed the only independent medical evaluation of record for the compensable injury and opined that Mr. Scott's prior lumbar spine injuries were unrelated to the L1-2 disc herniation. The Office of Judges found Dr. Grady's report to be supported by that of Dr. Lee. Dr. Lee reviewed the medical records and opined that the L1-2 disc herniation represented a separate, distinct new injury and that it did was not the result of an aggravation or exacerbation of the April of 2009 L4-5 disc injury.

The Office of Judges found Dr. Mukkamala's report to be unpersuasive and unsupported. The Office of Judges noted that West Virginia Code § 23-4-9b clearly states that compensation for awards is only affected when a claimant has preexisting impairment. The Office of Judges determined that Mr. Scott had no preexisting impairment at L1-2 and was therefore entitled to the full 20% impairment found by Dr. Grady for the compensable injury.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's grant of a 10% permanent partial disability award on November 21, 2019. It found that West Virginia Code of State Rules § 85-20-64.2 provides instructions for the calculation of lumbar spine impairment. It states that

> [t]he range of motion methodology for assessing permanent impairment shall be
> used. However, a single injury or *cumulative injuries* that lead to a permanent
> impairment to the Lumbar Spine area of one's person shall cause an injured worker
> to be eligible to receive a permanent partial disability award within the ranges

identified in Table § 85-20-C. The rating physician must identify the appropriate impairment category and then assign an impairment within the appropriate range designated for that category. [Emphasis added].

The Board of Review concluded that Dr. Mukkamala's method of calculation was correct and that Dr. Grady's assessment should be apportioned for the prior permanent partial disability award. The Board of Review determined that apportionment was appropriate for the prior 10% permanent partial disability award but declined to apportion for the 5% award from the state of Indiana. It found that the Indiana award was not a reliable assessment of impairment pursuant to West Virginia law. Therefore, the Board of Review reinstated the claims administrator's grant of a 10% permanent partial disability award.

After review, we agree with the reasoning and conclusions of the Board of Review. Though Mr. Scott's most recent lumbar spine injury resulted in a disc herniation at a different level than his prior injuries, West Virginia Code of State Rules § 85-20 provides that the lumbar spine is to be assessed in its entirety. It does not provide for separate injuries to each individual lumbar disc. In this case, Mr. Scott was previously granted a 10% permanent partial disability award for the lumbar spine. Dr. Grady's assessment of 20% lumbar spine impairment for the August 29, 2017, injury must therefore be apportioned for the previous award. The Board of Review was correct to reinstate the claims administrator's grant of a 10% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4